# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CUDD PRESSURE CONTROL, INC. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CJ-2012-4721 |
| ) | |
| NEW HAMPSHIRE INSURANCE ) | |
| COMPANY and NATIONAL UNION ) | |
| FIRE INSURANCE COMPANY OF ) | |
| PITTSBURGH, PA, ) | |
| ) | |
| Defendants. ) | |



## PETITION

For its Petition against Defendants, New Hampshire Insurance Company ("New Hampshire") and National Union Fire Insurance Company of Pittsburgh, PA, ("National Union")(collectively, "the insurers"), Plaintiff Cudd Pressure Control, Inc. states:

### The Parties:

1. Cudd is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia.

2. Cudd is in the business of providing oil well stimulation services sometimes referred to as "fracturing" or "frac" drilling services in Oklahoma and Texas, among other states.

3. Cudd conducts operations in the State of Oklahoma, where it maintains a base of operations in Seminole, Oklahoma, where Cudd develops and creates training, policies, materials, equipment, decisions and procedures, and hired an employee related to this lawsuit.

4. Defendant New Hampshire Insurance Company is incorporated under the laws of the State of Pennsylvania with its principal place of business in New York. New Hampshire is licensed to do business in, and issues insurance policies in the State of Oklahoma.

Exhibit 2

5.  Defendant National Union is incorporated under the laws of the State of Pennsylvania with its principal place of business in the State of New York. National Union is licensed to do business in, and issues insurance policies in the State of Oklahoma.

**Jurisdiction and Venue:**

6.  Jurisdiction is proper in that the defendants' wrongful denials of coverage occurred in Oklahoma and arose out of events occurring in Oklahoma.

7.  Venue is proper in that the defendants' wrongful denials of coverage occurred in Oklahoma County, Oklahoma, where the underlying lawsuit against plaintiff was filed and defended in federal court in the Western District of Oklahoma.

8.  Service of process may be obtained on each defendant by serving the Oklahoma Insurance Commissioner in Oklahoma City, Oklahoma County, Oklahoma.

9.  Plaintiff has been damaged in an amount to be determined at trial and in excess of $750,000.

**The Policies:**

10. New Hampshire issued Workers Compensation and Employers Liability Policy No. 159-09-55 ("The Texas Policy") to Cudd., for the policy period from October 1, 2007 through October 1, 2008 and providing workers compensation coverage (Coverage A) and employers liability coverage (Coverage B). The Texas Policy provides a $2,000,000 per "accident" limit of liability. Cudd is a scheduled insured under Endorsement WC990610 to the Texas Policy.

11  National Union also issued Workers' Compensation and Employers Liability Policy No. 720-1007-10 ("The Oklahoma Policy") to Cudd, for the policy period from October 1, 2007 through October 1, 2008 and providing workers' compensation coverage (Coverage A) and

employers liability coverage (Coverage B). The Oklahoma Policy provides a $2,000,000 per "accident" limit of liability. Cudd is a scheduled insured under Endorsement WC990610 to the Oklahoma Policy.

12. National Union issued Commercial Umbrella Policy No. 27471587 to Cudd for the policy period from October 1, 2009 through October 1, 2010. The Umbrella policy is written on an "occurrence" basis and provides a $25 million per occurrence limit of liability. The Umbrella policy contains a "Sunrise Coverage" endorsement which provides coverage for bodily injury occurring after October 1, 1995 and prior to the effective date of the Policy, provided no such claim was made against Cudd or reported by Cudd to another carrier. Cudd is an insured under the Umbrella Policy.

**The Underlying Facts of the Claim:**

13. Tonya Diane Phillips is the surviving spouse of Allen Darrell Phillips.

14. At the time of his death, on January 4, 2008, Mr. Phillips was an employee of Cudd, working out of its Cushing, Oklahoma operation. Mr. Phillips died after being involved in an accident while participating in a fracturing job for Cudd. During the fracturing job, Cudd was using a Sand Hulk machine, which is used on well sites for both the storage of Bauxite/sand and to convey the Bauxite/sand into the formation for the fracturing job.

15. On the date of the accident, Mr. Phillips entered one of several compartments of a sand trailer during operations and tragically lost his life.

16. Mrs. Phillips filed a claim in the Oklahoma Workers' Compensation Court on behalf of herself and the Phillips estate.

17. On October 30, 2008, the Oklahoma Workers' Compensation Court entered an Order Determining Compensability and Awarding Death Benefits to plaintiff. Additionally, on March 13,

2009, the Oklahoma Workers' Compensation Court entered an Order Awarding Funeral Expenses to Mrs. Phillips. Mrs. Phillips accepted the workers' compensation benefits and a final order was entered in the Oklahoma Workers' Compensation Court.

18. One year later, on October 30, 2009, Mrs. Phillips and the Phillips estate commenced wrongful death action No. CIV-09-1197-M in the U.S. District Court for the Western District of Oklahoma against Cudd Pressure Control, Inc. The case was not served on Cudd until February of 2010.

19. In the federal court action, Mrs. Phillips sought additional recovery in federal court under the "substantial certainty" test set forth in *Parret v. UNICO Service Co.*, 2005 OK 54, 127 P.3d 572. She also sought recovery against Cudd under the "dual persona" doctrine.

20. Cudd timely reported the Phillips lawsuit to the insurers.

**The Result of the Federal Court Lawsuit:**

21. Cudd filed a Motion for Summary Judgment in the federal court action on several bases, including the argument that when Mrs. Phillips accepted compensation under the Oklahoma Workers' Compensation Act and that court entered a final judgment, she elected the workers' compensation remedy and was barred from bringing a case for intentional tort claims under *Parret*.

22. Under section 11 of Oklahoma Workers' Compensation Act in effect at the time of Mr. Phillips' accidental death, 85 O.S. §11(A), an award under the Act must result from "accidental personal injury sustained by the employee arising out of and in the course of employment, without regard to fault as a cause of such injury." *Id.*

23. In its April 6, 2012 Order granting Cudd's Motion for Summary Judgment, the Federal Court in *Phillips v. Cudd* held that:

4

... the Oklahoma Supreme Court would hold that when a plaintiff with both a workers' compensation claim and an intentional tort claim elects and pursues one to conclusion, she is barred from resort to the other remedy. Because plaintiff has received a final award in her worker's compensation case, the Court finds that this final award serves as a res judicata bar to her intentional tort claim in this case. Accordingly, the Court finds that Cudd is entitled to summary judgment in as to plaintiff's intentional tort claim.

(Order in Case No. CIV-09-1197-M, filed on April 06, 2012, Exhibit A).

24. Accordingly, under the doctrine of *res judicata*, the United States District Court for the Western District of Oklahoma has ruled that Mr. Phillips' injury and death were the result of "accidental personal injury" and not from any "intentional act" by Cudd.

25. However, the Court in the *Phillips* case also ruled that the question was one of first impression in Oklahoma, thus necessitating a prediction of what the Oklahoma Supreme Court would hold under these factual circumstances.

26. Mrs. Phillips appealed the case to the U.S. Court of Appeals for the Tenth Circuit.

**The Insurers' Erroneous Coverage Positions Relative to the Oklahoma Policy:**

27. Via identical letters dated September 15, 2011 and September 29, 2011, National Union denied coverage for the Phillips lawsuit under the Employers' Liability Coverage part of the Oklahoma Policy on the following bases: (a) Mr. Phillips' death was not an "accident," (b) plaintiff claimed that Mr. Phillips's death was the result of "intentional injury" and (c) Mr. Phillips' employment was not "necessary or incidental to Cudd's work in Oklahoma."

28. Notwithstanding being informed of the federal court's findings that Mr. Phillips' accident and death were not the result of intentional acts of CUDD, National Union and New Hampshire continue to deny coverage under the Oklahoma policy. Indeed, Cudd did not receive notice of the final denial of coverage under the Texas policy or the Umbrella Policy until the

mediation in the Tenth Circuit was underway, after defendants were informed of the Western District's Order finding it to be *res judicata* that Mr. Phillips' injury and death were accidental. Although defendants were informed of the Tenth Circuit mediation, they declined to offer any assistance or advice concerning reasonable settlement value of the claim.

## CUDD'S CLAIMS AGAINST THE INSURERS

### Breach of Contract Against New Hampshire:

29. Cudd incorporates all previous facts in paragraph numbers 1 - 28.

30. Both contracts of insurance issued to Cudd by New Hampshire provided coverage for the lawsuit filed and prosecuted by Mrs. Phillips for the accidental death of her husband.

31. It is a matter of *res judicata* that Mr. Phillips' death was accidental and not intentional.

32. New Hampshire breached its contracts with Cudd by refusing to participate meaningfully in mediation of the case both at the trial level and on appeal and by denying coverage for the Phillips claim.

33. Because New Hampshire refused to participate in or fund mediation of the case and because of the risk of reversal and/or certification to the Oklahoma Supreme Court inherent in defending the appeal of a question of first impression, Cudd settled the case on reasonable terms without the assistance of New Hampshire under either policy it issued to Cudd.

34. Cudd was damaged in excess of $750,000 by New Hampshire's breaches of contract.

### Breach of Contract Against National Union:

35. Cudd incorporates all previous facts in paragraph numbers 1 - 34.

36. The contract of insurance issued to Cudd by National Union provided coverage for the lawsuit filed and prosecuted by Mrs. Phillips for the death of her husband.

37. It is a matter of *res judicata* that Mr. Phillips' death was accidental.

38. National Union breached its contracts with Cudd by refusing to participate meaningfully in mediation of the case both at the trial level and on appeal.

39. Because National Union refused to participate in or fund mediation of the case and because of the risk of reversal and/or certification to the Oklahoma Supreme Court inherent in defending the appeal of a question of first impression, Cudd settled the case on reasonable terms without the assistance of National Union under the policy it issued to Cudd.

40. Cudd was damaged in excess of $750,000 by National Union's breach of contract.

**Breach of the Duties of Good Faith and Fair Dealing Against the Insurers:**

41. Cudd incorporates all previous facts in paragraph numbers 1 - 40.

42. The New Hampshire and National Union Policies are valid and enforceable policies for insurance.

43. New Hampshire and National Union have failed to deal fairly and in good faith with Cudd in relation to these policies for insurance.

44. Cudd's reasonable expectations to benefit from the contracts for insurance were damaged by New Hampshire's and National Union's acts or omissions.

45. Cudd suffered damages as a direct result of the Insurers' actions in excess of $750,000 for which it is entitled recovery together with interest, costs, punitive damages, attorneys fees and any further relief which the Court deems equitable.

WHEREFORE, Plaintiff Cudd Pressure Control, Inc., prays for judgment against defendants New Hampshire Insurance Company and National Union Fire Insurance Company of Pittsburgh Pennsylvania, consistent with the allegations set forth above.

All of which is respectfully submitted,

*[signature]*

Richard E. Hornbeek, OBA # 10855
Larry G. Cassil, Jr., OBA #14694
HORNBEEK VITALI & BRAUN P.L.L.C.
3711 N. Classen Blvd.
Oklahoma City, OK 73118
Hornbeek@hvblaw.com
Cassil@hvblaw.com
(405) 236-8600 Telephone
(405) 236-8602 Facsimile
*Attorneys for Plaintiff,*
*Cudd Pressure Control, Inc.*

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED